## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**IZELL BROWN, JR.,**                                                  CASE NO. 3:21 CV 1832

      Plaintiff,

      v.                                                                       JUDGE JAMES R. KNEPP II

**TAYLOR SHORT, et al.,**
                                                                            **MEMORANDUM OPINION AND**
      Defendants.                                              **ORDER**


### INTRODUCTION AND BACKGROUND

Currently pending before the Court is Plaintiff Izell Brown, Jr.'s Motion for Default Judgment Against Defendant Nathan Ray. (Doc. 30). Ray responded in opposition (Doc. 34), and Plaintiff replied (Doc. 35).

Plaintiff, initially proceeding *pro se*, filed the instant case in September 2021, alleging a claim of excessive force under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Corrections ("ODRC") employees Lieutenant Taylor Short and Correctional Officer Nathan Ray. (Doc. 1). The Court completed its screening review and granted Plaintiff's Motion to Proceed *in forma pauperis* in March 2022. (Doc. 3). Plaintiff attempted service on Ray at ODRC, but it was returned unexecuted because Ray was no longer employed by ODRC. *See* Doc. 5-1.[1]

Nevertheless, on April 29, 2022, Ray and Short, through counsel with the Ohio Attorney General's Office, moved to dismiss. (Doc. 7). On October 5, 2022, the Court denied that motion. (Doc. 14).

---

1. The letter, dated April 12, 2022, stated Ray was no longer employed. (Doc. 5-1). In connection with their opposition brief, Defendants submit Ray's employment records which show he left ODRC on December 26, 2021. (Doc. 34-1).

In November 2022, Plaintiff sent Defendants his first set of interrogatories. (Doc. 30-1). Plaintiff then moved for the appointment of counsel, which this Court granted; counsel entered an appearance on his behalf in January 2023.

On February 22, 2023, Ray and Short, through counsel, filed a motion for leave to file Answer *instanter*, which this Court granted. (Doc. 26). The Answer did not assert failure of service of process as a defense. *See* Doc. 26-1.

Through counsel, Plaintiff issued a second set of interrogatories, first set of requests for production, and first set of requests for admission on March 21, 2023. (Doc. 30-2).

Plaintiff, having not received responses from Ray to either of his discovery requests, contacted the Court in May 2023. On May 24, 2023, the Court held a discovery dispute conference with counsel. (Doc. 28). At that conference, Ray's counsel indicated he had been unable to reach Ray at the phone number or address he provided when he left ODRC. Counsel also represented that he was looking into whether Ray might be serving in the military based on information that Ray took military leave during his employment with ODRC. The Court instructed counsel to notify the Court if he learned anything in this regard.

Following the conference, the Court ordered Ray provide his discovery responses by June 30, 2023, and stated the failure to do so would result in sanctions "up to and including an entry of default judgment." (Doc. 28).

On September 7, 2023, having not received the discovery responses, Plaintiff filed his Motion for Default Judgment. (Doc. 30). On October 10, 2023, Ray filed a "Notice of Compliance with Court Order." (Doc. 33). Therein, counsel represented they had been unable to establish contact with Ray until September 25, 2023, when Ray "responded to our office during a break in his military duties for the day." (Doc. 33, at 1). The Notice further stated Ray had

2

provided the requested discovery responses (albeit belatedly) and affirmed that Defendants "will respond to any future discovery requests within the time period prescribed by the Federal Rules or any superseding Court order." *Id.* Defendants then filed an opposition (Doc. 34), and Plaintiff replied (Doc. 35).

## DISCUSSION

Plaintiff moves for default judgment against Ray as a discovery sanction under Federal Civil Rule 37(b)(2)(A)(vi).

The Federal Rules of Civil Procedure authorize federal courts to impose sanctions when a party fails to obey an order of the court or fails to cooperate with discovery. Fed. R. Civ. P. Fed. R. Civ. P. 37(b)(2). Possible sanctions include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id.*

Default judgment is a sanction of last resort, the appropriateness of which is determined by reference to four factors:

> 1) whether the disobedient party acted in willful bad faith;
>
> 2) whether the opposing party suffered prejudice;

3

3) whether the court warned the disobedient party that failure to cooperate could result in default judgment; and

4) whether less drastic sanctions were imposed or considered.

*KCI USA, Inc. v. Healthcare Essentials, Inc.*, 801 F. App'x 928, 934 (6th Cir. 2020) (quoting *Grange Mt. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008)).

"Bad faith is generally the most important factor." *Id.* (citing *Ndabishuriye v. Albert Schweitzer Society, USA, Inc.*, 136 F. App'x 795, 800 (6th Cir. 2005)). However, the non-compliant party "has the burden of showing that his failure to comply was due to inability, not willfulness or bad faith." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002).

Upon review, the Court finds Ray has sufficiently demonstrated – through counsel's representations – that his lack of compliance was the result of a lack of communication with counsel engaged by his former employer, rather than a willful or bad faith attempt to delay or disrupt these judicial proceedings. Although Plaintiff is correct that Ray waived insufficient service of process as a defense by not raising it in his Answer, *see* Fed. R. Civ. P. 12(h), Ray is not moving to dismiss based on lack of service of process, but offering his unawareness of this suit to demonstrate a lack of willfulness or bad faith.

Moreover, although the Court acknowledges there has been some delay due to the belated provision of discovery responses, much of the delay in this case pre-dates the requests for discovery. The Court finds any prejudice to Plaintiff based on the delay in receiving Ray's discovery responses can be mitigated by the Court permitting Plaintiff any additional time he may need to conduct discovery and prosecute his case.

In Reply, Plaintiff further argues "the majority of Defendant Ray's production of documents are fully redacted pages" with no privilege log and that he "will be required to spend

4

additional time and resources resolving this issue." (Doc. 35, at 5). Upon review, and in the interest of promptly mitigating any prejudice and avoiding further delay, the Court ORDERS Defendants to provide Plaintiff with a privilege log regarding the redacted documents by November 15, 2023. To the extent the parties have future discovery disputes, the Court will endeavor to resolve them promptly upon receiving any notification in compliance with Local Civil Rule 37.1.

Although the Court understands Plaintiff's frustration with the delay and having to undertake additional action to obtain Ray's discovery responses, there is a "strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) (explaining there is "a strong preference for trials on the merits in federal courts"). Ray's belated discovery responses and Defendants' assurances that they will timely respond to any future discovery requests demonstrate Ray is willing and capable of proceeding to a merits determination. In light of these actions and representations, along with the federal courts' "strong preference" for deciding cases on the merits, the Court denies Plaintiff's motion.

Attorney's Fees

Plaintiff also requests attorney's fees in connection with his request for sanctions. (Doc. 30, at 7). Under Federal Civil Rule 37(b)(2)(C): "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to comply with a discovery order], unless the failure was substantially justified or other circumstances make an award of expenses unjust."

In light of the fact that Defendants here are represented by a governmental entity, Ray is no longer employed by ODRC (and was not so employed at the time of the discovery requests), and the miscommunications (or lack of communication) between Ray and defense counsel, the Court finds an award of expenses at this time would be unjust. Defendants and counsel are cautioned that future discovery violations may result in such an award in addition to other sanctions.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion for Default Judgment (Doc. 30) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that Defendants shall provide Plaintiff a privilege log regarding Ray's October 5, 2023, discovery responses on or before **November 15, 2023.**

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE